D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ANAMARIA KRAUSE-BRAND,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**14-CV-1032 (NGG)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 2 3 2014 ★

BROOKLYN OFFICE

By motion dated February 12, 2014, Plaintiff Anamaria Krause-Brand ("Plaintiff")

requests pro bono counsel in the above-captioned action. (Mot. to Appoint Counsel (Dkt. 3).)

For the reasons discussed below, Plaintiff's request is DENIED without prejudice.

There is no right to counsel in a civil case. Martin-Trigona v. Lavien, 737 F.2d 1254,

1260 (2d Cir. 1984). Although a person accused of a crime is guaranteed counsel under the

Constitution, the term "appointment of counsel" is inaccurate when used in a civil case. This

court cannot compel any attorney to accept a civil case on a pro bono basis. Mallard v. United

States District Court, 490 U.S. 296 (1989). However, pursuant to 28 U.S.C. § 1915(e)(1), "the

court may request an attorney to represent any person unable to afford counsel."

In making this type of request, however, the court must first consider whether the

indigent plaintiff's position is "likely to be of substance." Ferelli v. River Manor Health Care

Ctr., 323 F.3d 196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement,

the court should then consider secondary criteria, "including plaintiff's ability to obtain

representation independently, and [her] ability to handle the case without assistance in light of

the required factual investigation, the complexity of the legal issues, and the need for expertly

1

conducted cross-examination to test veracity." <u>Cooper v. Sargenti</u>, 877 F.2d 170, 172 (2d Cir. 1989); <u>see also</u> <u>Ferelli</u>, 323 F.3d at 203-06.

Having reviewed the Complaint, the court finds that Plaintiff has not met the threshold requirement that her claim is "likely to be of substance" at this juncture. Accordingly, Plaintiff's request for pro bono counsel is DENIED WITHOUT PREJUDICE. Plaintiff may renew her request after

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     May 22, 2014

NICHOLAS G. GARAUFIS
United States District Judge